Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200129-60138
DATE: July 14, 2021

REMANDED

Entitlement to service connection for chest pains is remanded.

REASONS FOR REMAND

The Veteran had active service from January 1981 to January 1985.

A rating decision was issued under the legacy system in September 2017. In August 2018 the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the supplemental claim lane. The agency of original jurisdiction (AOJ) issued a RAMP supplemental claim decision in February 2019.

In May 2019, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of the February 2019 rating decision. In May 2019, the AOJ issued a HLR rating decision finding that a duty to assist error occurred in the February 2019 rating decision and that a VA examination with a medical opinion should be provided to the Veteran.

In June 2019, the AOJ issued a HLR decision that considered the evidence of record at the time of the initial rating decision, as well as a VA examination and medical opinion obtained in June 2019. The AOJ issued another HLR rating decision in November 2019. That decision considered additional VA treatment records.

In his January 2020 VA Form 10182, Decision Review Request: Board Appeal, appealing the November 2019 HLR rating decision, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the November 2019 HLR rating decision on appeal. 38 C.F.R. § 20.301.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the claim for entitlement to service connection for chest pain for further development, this additional evidence will be considered by the AOJ in the adjudication of those claims.

Entitlement to service connection for chest pains is remanded.

VA treatment records that were of record at the time of the rating decision on appeal show that the Veteran was referred under the VA Choice program for private cardiology treatment in relation to his reports of chest pain. The VA treatment records indicate that some of the consultation reports for that non-VA treatment were scanned. However, the scanned records are not associated with the claims file, and there is no indication that the AOJ made attempts to obtain the full treatment records from that private healthcare provider, which is listed in the VA treatment records as Cardiology Associates of Mobile-Jackson, Alabama. A remand is required to allow VA to make appropriate efforts to obtain those records.

The matters are REMANDED for the following action:

1. Associate with the record any medical treatment records scanned into Vista imaging or other repository relevant to the Veteran's non-VA cardiology treatment.

2. Ask the Veteran to complete a VA Form 21-4142 for Cardiology Associates of Mobile-Jackson, Alabama. Make two requests for the authorized records from that treatment source unless it is clear after the first request that a second request would be futile.

 

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. J. Anthony, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.